UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK WASHINGTON, | ) | 1:07-CV-00277 LJO SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | [Doc. #1] |
| ARNOLD SCHWARZENEGGER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

On June 28, 2006, Petitioner was convicted in the Kings County Superior Court of indecent exposure in violation of California Penal Code § 314, subd. 1. As a result of his conviction, Petitioner is required to register as a sex offender pursuant to Cal. Penal Code § 290.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA"); the 5th DCA affirmed the judgment.

---

[1] This information is derived from the petition for writ of habeas corpus.

Petitioner states he then filed a petition for review in the California Supreme Court; his petition was denied.

On January 29, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated February 21, 2007, the case was transferred to the Fresno Division and received in this Court. The petition contains the following six grounds for relief: (1) Petitioner claims he received ineffective assistance of appellate counsel; (2) He claims he was denied his right to self-representation; (3) He claims the prosecutor committed misconduct by failing to disclose favorable evidence; (4) He claims he was subjected to an illegal search and seizure; (5) He claims the judge was biased and prejudiced against him; and (6) He claims the jury committed misconduct.

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Cognizable Federal Claim

In his petition before this Court, Petitioner presents six grounds for relief. However, none of them present a cognizable federal claim. In Ground One, Petitioner claims he received ineffective assistance from his counsel on appeal. He argues appellate counsel failed to raise the issues he now raises on appeal.

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to Strickland 's two-pronged test. See, e.g., Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986). A defendant must therefore show that counsel's advice fell below an objective

standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, defendant would have prevailed on appeal. Miller, 882 F.2d at 1434 & n. 9, *citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Birtle, 792 F.2d at 849. However, appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Miller, 882 F.2d at 1434 n. 10. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. Id. at 1434. As a result, appellate counsel will frequently remain above an objective standard of competence and have caused her client no prejudice for the same reason--because she declined to raise a weak issue. Id.

In this case as will be discussed below, each of Petitioner's grounds for relief fail to present cognizable federal claims. Therefore, Petitioner has failed to demonstrate error on the part of counsel or prejudice resulting therefrom.

In his second ground for relief, Petitioner alleges he was denied his right to self-representation. At trial, Petitioner apparently chose to represent himself. He claims that while conducting his defense, he was obstructed by prison officials and, because of this, was unable to subpoena five defense witnesses. Petitioner's claim is completely conclusory and unsupported by any evidence. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'"); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (Notice pleading is insufficient; the petitioner must state sufficient facts).

In his third ground for relief, Petitioner claims the prosecutor committed misconduct by failing to disclose favorable evidence. He further claims he was denied evidence by his private

investigator. As with Ground Two, Petitioner's claim is completely conclusory and unsupported by any evidence. Petitioner does not disclose what favorable evidence was denied him or how this evidence would have altered the outcome of the trial.

Petitioner next claims he was subjected to an illegal search and seizure. In support of this claim, however, Petitioner merely attempts to retry issues of fact. In essence, his argument is that his version of the facts was not accepted. Moreover, a federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

In his fifth claim, Petitioner alleges the judge was biased and prejudiced against him. Once again, his claims are completely conclusory and not supported by any evidence. Petitioner merely makes a broad assertion that the judge was biased because he ruled against Petitioner on certain motions. Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing).

In his final claim for relief, Petitioner alleges jury misconduct. As with the balance of Petitioner's grounds, his claim is completely unfounded and conclusory. He submits no evidence of any misconduct on the part of a juror. Petitioner broadly claims he was denied the right to a jury trial of his peers because there were no African-Americans on the panel. He states he "was given an all white and/or Mexican jury." However, his broad and unfounded assertion fails to present a cognizable claim. Petitioner presents no evidence that any African-Americans were excluded from the panel on the basis of race.

1   In sum, Petitioner's claims are unfounded and conclusory and present no basis for which to grant habeas relief. Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to dismiss summarily a habeas petition when no claim for relief is stated. See <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.1990.)

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 16, 2007**                        **/s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE