UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK WASHINGTON, | ) | 1:07-CV-00277 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR REHEARING, NEW TRIAL, |
| v. | ) | VACATE AND ALTER JUDGMENT |
| | ) | |
| ARNOLD SCHWARZENEGGER, | ) | [Doc. #19] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 11, 2007, this Court denied the petition with prejudice and entered judgment for Respondent.

On April 19, 2007, Petitioner filed a motion for rehearing, new trial, and to vacate and alter judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**DISCUSSION**

Fed. R. Civ. Proc. Rule 59 provides:

**(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the

courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

**(b) Time for Motion.** Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.

**(c) Time for Serving Affidavits.** When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.

**(d) On Court's Initiative; Notice; Specifying Grounds**. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

**(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

A motion for reconsideration pursuant to Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir.1999) (<u>citing</u> <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993)); <u>see also</u> 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995):

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Petitioner asserts the instant federal petition was filed pending direct appeal of his claims in state court. Petitioner claims the order dismissing the action should be altered to reflect a dismissal "without prejudice," because the dismissal was based on a failure to exhaust state remedies.

1       However, the instant petition was not dismissed for a failure to exhaust state remedies. It was
2 dismissed for failure to state a claim for relief. As discussed in the Findings and Recommendation,
3 each of Petitioner's claims was unfounded, conclusory, and presented no basis for which to grant
4 habeas relief. Therefore, Petitioner's motion must be DENIED.

5                                       **ORDER**

6       Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for rehearing, new trial,
7 and to vacate and alter judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure is
8 DENIED.

10 IT IS SO ORDERED.

11 **Dated:     April 26, 2007**                         /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE